**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4272**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE MORALES,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:06-cr-00068-FPS-JSK-3)

Submitted: September 30, 2010          Decided: October 15, 2010

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roger D. Curry, CURRY AMOS & ASSOCIATES, LC, Fairmont, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Morales was charged — along with several other individuals — in a seven-count superseding indictment with various drug offenses relating to a methamphetamine distribution scheme stretching from Phoenix, Arizona to West Virginia. Count One charged Morales with conspiracy to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. § 846 (2006); Count Two charged Morales with conspiracy to travel in interstate commerce in aid of racketeering enterprise, in violation of 18 U.S.C. § 371 (2006); Count Three charged Morales with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). After a jury convicted Morales on all three counts, he was sentenced to 360 months' imprisonment. On appeal, Morales challenges the sufficiency of the evidence used to convict him. He also argues that the jury's verdicts were inconsistent and his sentence was unreasonable. For the following reasons, we affirm.

Morales first argues that the evidence was insufficient to support a conviction. "A defendant challenging the sufficiency of the evidence faces a heavy burden," United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), and a jury's verdict "must be upheld on appeal if there is substantial evidence in the record to support it," id. at 244. "[S]ubstantial evidence" is "evidence that a reasonable finder

of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court "consider[s] circumstantial as well as direct evidence, and allow[s] the government the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and assumes that the fact finder resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008).

Sufficient evidence supports Morales's conviction. The Government presented extensive testimony from the other members of the drug conspiracy — most notably the ringleader James Snyder, and the driver, Wayne Prinkey — all of whom testified to Morales's extensive involvement as Snyder's primary supplier. The Government also corroborated portions of Snyder's testimony with physical evidence and testimony from law enforcement recounting two occasions on which Morales was stopped with large sums of cash. Morales's argument is essentially that his co-conspirators were unreliable witnesses, but that is an argument he was free to make — and did make — to the jury.

Morales next argues that the jury returned inconsistent verdicts when it found him guilty on the

3

substantive drug distribution count but then declined to order any forfeiture.  Under 21 U.S.C. § 853(d) (2006), the Government is entitled to a rebuttable presumption of forfeiture upon a guilty verdict for a drug offense and only has to prove the forfeiture by preponderance of the evidence.  In this case, two minutes after deliberating on the forfeiture, the jury sent a question to the district court:  "The jury requests further explanation of the verdict, the purpose and outcome of a 'yes' or a 'no' vote.  What is the purpose of this forfeiture in layman's terms?  Thank you."  The district court decided not to supplement its initial instructions and, ten minutes later, the jury returned a verdict declining to order a forfeiture.

"[I]t has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts."  United States v. Green, 599 F.3d 360, 369 (4th Cir. 2010), petitions for cert. filed, ___ U.S.L.W. ___ (U.S. July 10, Aug. 2, 2010) (Nos. 10-5288, 10-5735).  See also United States v. Powell, 469 U.S. 57, 64-65 (1984); Dunn v. United States, 284 U.S. 390, 393-94 (1932).  One reason behind this rule is that although inconsistent verdicts "present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, . . . it is unclear whose ox has been gored."  Powell, 469 U.S. at 65.  Here, given the jury's question regarding

4

forfeiture and the overwhelming evidence of guilt, it is quite likely that the jury believed Morales was guilty on the forfeiture counts but did not want to impose any further hardship upon him.

Finally, Morales challenges the reasonableness of his sentence. In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," this Court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first "ensure that the district court committed no significant procedural error." Id. at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

Morales contends that, although the district court correctly determined his Guidelines range, it failed to

5

recognize the unwarranted disparity between his sentence and those of the other conspirators. Most notably, Morales points out that Snyder received a sentence of 160 months' imprisonment and Prinkey was never charged by federal authorities. Section 3553(a)(6) provides that the district court should take into consideration "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The district court considered Morales's argument in this case and rejected it, concluding that Morales's situation was distinct from Snyder's and Prinkey's.

Morales's sentence is not unreasonable because, although his sentence was higher than those of Snyder and Prinkey, it was not an unwarranted disparity. First, Snyder pleaded guilty and did not testify falsely at trial as Morales did. Those choices by Morales resulted in a five-level increase in his offense level vis-à-vis that of Snyder. In addition, Morales had a higher criminal history score than Snyder. Regarding Prinkey, at the time the federal prosecution was commencing, he was already in prison in Florida serving a twenty-five year sentence for second-degree murder. Prinkey also was the person responsible for jump-starting the investigation by offering his cooperation to authorities after eleven pounds of methamphetamine was discovered in his vehicle during a car stop in Oklahoma. In sentencing Morales, the

6

district court expressly recognized its duty under § 3553(a)(6) and properly rejected Morales's argument.  Morales's sentence of 360 months' imprisonment was not unreasonable.

For the foregoing reasons, we affirm Morales's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>